UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**DAVID MENDUM**<br><br>**Defendant.** | **Case No. 24-CR-115-PB** |

## Government's Sentencing Memo

### I.    Introduction

In 2020, defendant David Mendum paid an adult located in the Philippines ("trafficker") to sexually abuse her minor children over live-streaming video chats for his own sexual gratification. In exchange, the trafficker provided live shows of child sexual abuse material ("CSAM") involving her two children, ages five and ten. Mendum, using Skype video chat services, engaged in conversations with trafficker in which he exchanged 5,022 messages and had 18 calls over eight months. He did so fully aware that actual children were being coerced into enduring sexual abuse on camera as a direct result of his actions. Law enforcement arrested Mendum in November of 2024. A forensic examination of electronic devices seized from his home uncovered one video and 58 images of CSAM.

Mendum is now convicted of coercion and enticement of a minor, in violation of 18 U.S.C. §§ 2242(b), 2427. The United States recommends that the Court sentence Mendum to 324-months of imprisonment, 5 years of supervised release, restitution, and a mandatory assessment of $100.

### II.    Factual Background

Homeland Security Investigations ("HIS") has been investigating individuals who sell live-

1

streaming webcam shows involving the sexual abuse and exploitation of children to paying customers. During the investigation, HSI learned that Mendum's Skype account was used to communicate with numerous individuals in the Philippines who were livestreaming the sexual abuse of children. PSR ¶ 9.

Agents obtained and reviewed Mendum's Skype messages with the trafficker. During one of the chats between Mendum and the trafficker on April 23, 2020, the trafficker said she had a 5-year-old son and a 10-year-old daughter. PSR ¶ 12. During the conversation, Mendum asked, "so would u teach her how to be a slut if I keep helping u…like sucking cock and licking pussy…and taken it in ass." *Id.* He then asked, "if I was to bring here to visit me is ok if I placed my cock in her ass." *Id.* That same day, Mendum wired the trafficker fifteen dollars. PSR ¶ 16.

During one live video call on April 24, 2020, the trafficker said, "ready now to suck cock" and then said her son "get hard." PSR ¶ 13. Mendum responded, "and ur son like [it] bb." *Id.*

Mendum and the trafficker began another live video late that evening. During that call, Mendum directed the trafficker to move the camera so he could see the female victim's face. PSR ¶ 14. Mendum tells the trafficker that "the money will not stop" if she and her kids "keep me happy and coming." *Id.* Mendum asked the trafficker to start "where we left off yesterday." *Id.* The trafficker asked, "I suck again?" *Id.* Mendum responded, "or have [the female victim] try it." *Id.* Then, on April 26, Mendum wired the trafficker thirty dollars. PSR ¶ 16.

During another live video call two days later, the trafficker explained that the female victim was "trying to finger." PSR ¶ 15. Mendum directed the trafficker to lower the female victim's "hand so I can see her sweet little pussy." *Id.* Later, Mendum directed the trafficker to "finger her."

*Id.* Three days later, Mendum sent trafficker over one hundred dollars. PSR ¶ 16. He sent another fifty dollars four days after that. *Id.*

On November 7, 2024, law enforcement executed a federal search warrant at Mendum's home. PSR ¶ 17. Several electronic devices were seized and a review of those devices showed that Mendum possessed one video and 58 images depicting CSAM.

A grand jury issued a two-count indictment charging Mendum with sexual exploitation of children, in violation of 18 U.S.C. § 2251(a), (e) (Count One), and coercion and enticement of a minor, in violation of 18 U.S.C. §§ 2422(b), 2427 (Count Two). Mendum pleaded guilty to Count Two of the Indictment. Mendum now faces sentencing on one count of coercion and enticement of a minor. Under the terms of the binding plea agreement, the parties agreed that a sentencing range of 240 to 324 months' imprisonment is an appropriate disposition of this case.

### III.  The Sentencing Guidelines

The United States agrees with the Guidelines analysis set forth in the PSR:

| Guideline | Offense Level |
|---|---|
| Base Offense Level (U.S.S.G. § 2G1.3(a)(3)) | 28 |
| The offense involved a minor who had not attained the age of twelve years (*id.* § 2G1.3(b)(2)(B)) | +2 |
| The offense involved the use of a computer or an interactive computer service to persuade, induce, entice, or coerce the minor to engage in prohibited sexual conduct (*id.* § 2G1.3(b)(3)(B)) | +2 |
| The offense involved both sexual contact and a commercial sex act (*id.* § 2G1.3(b)(4)(A)(ii) and (ii)) | +2 |
| The offense of conviction is 18 U.S.C. § 2422(b) and the victim had not attained the age of twelve years (*Id.* § 2G1.3(b)(5)) | +8 |
| The defendant engaged in a pattern of activity involving prohibited sexual conduct (*id.* § 4B1.5(b)(1)) | +5 |
| Timely acceptance of responsibility | -3 |
| **Total** | **43**[1] |

---

[1] "An offense level of more than 43 is to be treated as an offense level of 43." Chapter 5, Part A, n. 2.

3

With a criminal history category I, Mendum's guideline imprisonment range is life. PSR ¶ 69.

    A. <u>The repeat and dangerous sex offender against minors enhancement applies.</u>

Guideline § 4B1.5(b)(1) provides for a five-level increase if "the defendant's instant offense of conviction is a covered sex crime . . . and the defendant engaged in a pattern of activity involving prohibited sexual conduct." A pattern of activity may exist "if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." *Id.* cmt. n. 4. Prohibited sexual conduct, in turn, includes the production of child pornography and conduct that would constitute a violation of sexual exploitation of children, in violation of 18 U.S.C. § 2251(a), (e), and coercion and enticement of a minor, in violation of 18 U.S.C. §§ 2422(b), 2427. *See id.* cmt. n. 4(A); 18 U.S.C. § 2426. Even conduct that did not lead to a conviction may be considered. U.S.S.G. § 4B1.5(b)(1) cmt. n. 4(B)(ii). Here, Mendum participate in at least three live-streaming webcam shows involving the sexual abuse and exploitation between April 23, 2020, and April 28, 2020. As such, the enhancement applies.

**IV.    The Statutory Sentencing Factors Support a 324-Month Sentence**

Mendum's crime is incalculably serious. The PSR provides just a brief glimpse of Mendum's interactions with the trafficker and the abuse of her children. Mendum sought out an impoverished woman living in a foreign country and paid her meager amounts of money to sexually abuse children. Mendum encouraged the trafficker to sexually abuse the children in graphic terms over live-streaming video chat and received the content he requested and paid for.

Moreover, the number of messages with others in the Philippines is alarming. It suggests

4

that this is not something that started and ended in 2020 with this specific trafficker. Rather, it appears to have started at least as early as 2017 and continued for five years. PSR ⁋ 9.

Mendum had a "relatively good childhood," PSR ⁋ 13, has no criminal history, and graduated from high school. Nothing that he reported in preparation for the PSR warrants a sentence below 324 months of imprisonment.

Mendum's actions have demonstrated there is an immense need to protect children and the public from him. A sentence of 324 months of imprisonment will protect the public while he is incarcerated and will hopefully deter him and others from committing similar crimes in the future.

V.     **Conclusion**

Mendum's case requires a significant sentence. The United States recommends that the Court sentence Mendum to 324 months of imprisonment, five years of supervised release, and a mandatory assessment of $100.

Respectfully submitted,

ERIN CREEGAN
United States Attorney

By:    /s/ Anna Z. Krasinski
Anna Z. Krasinski
Assistant United States Attorney
United States Attorney's Office
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
New Hampshire Bar No. 276778
(603) 225-1552
anna.krasinski@usdoj.gov